UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALEXANDER D KANE,

        Plaintiff,

                                    Case No. 25-cv-1124-bhl

   v.

MILWAUKEE COUNTY,

        Defendant.

---

## SCREENING ORDER

---

On July 31, 2025, Plaintiff Alexander Kane, proceeding without an attorney, filed a complaint against Milwaukee County alleging violations of federal law. (ECF No. 1.) Plaintiff has also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Plaintiff's IFP motion and for the screening of his complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Plaintiff's IFP application includes information about his finances and is signed under penalty of perjury. (ECF No. 2 at 4.) He represents that he is unemployed and has no income or liquid asserts. (*Id.* at 1–3.) He lists monthly expenses totaling $2,254.47. (*Id.* at 2–3.) Plaintiff indicates that he owns a 2006 Dodge Caravan worth approximately $250 and owns a home worth $203,000, although he does not disclose what portion of the home's value is equity. (*Id.* at 3.) He represents that he has no other assets. (*Id.* at 4.) Based on these sworn assertions, the Court concludes that Plaintiff lacks sufficient accessible resources to pay the filing fee and will grant his motion to proceed IFP.

### SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to

state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

In April 2022, "Milwaukee County police,"[1] executed an arrest warrant at Plaintiff's Milwaukee residence and took him into custody. (ECF No. 1 at 3.) Plaintiff complains about the

---

[1] It is unclear from the complaint whether Kane's allegations are aimed at the Milwaukee Police Department, which is a division of the City of Milwaukee, or the Milwaukee County Sheriff's Office. Given that Kane has sued Milwaukee County, the Court infers that his allegations refer to the latter.

actions of the officers during the arrest and search of the home, including damage they caused to the home, the death of a cat, and mental harm suffered by the home's other resident and her minor daughter. (*Id.*) He also complains about his treatment while in custody following his arrest. Plaintiff alleges that he woke up to officers "[p]unching and kicking him," was strapped to a chair unable to breath, and was harassed, threatened, and denied medical attention during the 19 months he was held in jail. (*Id.*) He alleges that he was charged with possession of a firearm that wasn't his and arrested for battery pursuant to a warrant for a charge that was already closed. (*Id.*) Plaintiff also alleges that he and his fiancé were threatened with additional charges by the district attorney and that multiple judges and (assistant) district attorneys were reassigned from his case without explanation. (*Id.* at 4.)

Plaintiff provides a laundry list of "charges" he wishes to bring against Milwaukee County, including illegal search and seizure, due process violations, double jeopardy, cruel and unusual punishment, falsifying liens on property, excessive bail, prosecutorial and police misconduct, entrapment, false imprisonment, kidnapping, malicious arrest and prosecution, perjury, slander, defamation, profiling and targeting, harassment, conspiracy, and evidence tampering. (*Id.* at 4–5) He requests $3.5 million in damages and the expungement of his juvenile and adult criminal records. (*Id.* at 7.)

## ANALYSIS

Plaintiff's allegations fail to state a claim against Milwaukee County for any violation of his federal rights, for several reasons. Although he does not invoke any federal statutes in his complaint, Plaintiff appears to be attempting to bring claims for civil rights violations under 42 U.S.C. §1983. To state a claim under Section 1983, he must identify a person or persons acting under color of state law who violated his federal rights. *See Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) (citation omitted). This requires Plaintiff to allege specific conduct by specific individuals that violated the constitution. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal. . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful."). But Plaintiff does not allege any specific conduct by any specific state actor, instead making only generalized allegations that unnamed and unidentified police officers, jail staff, and assistant district attorneys harmed him.

The Supreme Court has recognized that a plaintiff can assert claims under Section 1983 against a municipality, without identifying and suing specific individual defendants, in limited

circumstances. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court held that a city or county can be sued directly under Section 1983 where city or county employees violate an individual's civil rights pursuant to municipal policy.

To state a Section 1983 claim against the County under *Monell*, Plaintiff must plausibly plead (1) that he suffered a constitutional injury, and (2) that the County authorized or maintained a custom of approving the unconstitutional conduct. *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014) (citing *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994)). Plaintiff's list of "charges" includes a number of constitutional claims but, as discussed above, he provides only general allegations that unidentified individuals harmed him. He does not allege that any violation of his rights came pursuant to County policy or custom, or was authorized by a County official with final decision-making authority. *See Monell*, 436 U.S. at 690–91, 94; *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). Accordingly, Plaintiff's allegations do not state a claim against Milwaukee County under Section 1983 or *Monell*.

Plaintiff's claims relating to his arrest and prosecution are likely also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* precludes this Court from adjudicating a claim against someone charged and convicted of criminal activity if a decision in that person's favor would "necessarily imply the invalidity of his conviction or sentence," unless and until the plaintiff shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Plaintiff does not elaborate on the charges brought against him, but state court records indicate that he was charged in Milwaukee County Circuit Court in February 2022 with possession of a firearm by a felon, in March 2022 with battery and disorderly conduct, and in April 2022 with possession of a firearm by a felon. *State v. Kane*, Nos. 22CF0556, 22CF1002, 22CF1580, Milwaukee Cnty. Cir. Ct., https://wcca.wicourts.gov. On October 16, 2023, Plaintiff pleaded guilty to battery, disorderly conduct, and one felon-in-possession charge, while the other was read in and dismissed. *Id.* If those are the charges about which Plaintiff complains, *Heck* bars the Court from considering any Section 1983 claims that challenge their validity unless and until his underlying convictions are overturned or vacated. *See Heck*, 512 U.S. at 486–87.

Some of Plaintiff's claims are also problematic because the judges and prosecutors who presided over and led the state court proceedings against Plaintiff are immune from liability for

actions taken in their official roles, *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 422–24 (1976), which also bars any claims relating to Plaintiff's prosecutions in state court. Other claims appear to be untimely. He alleges that he was arrested in April 2022 and asserts claims for illegal search and seizure that appear to relate to that arrest and the concomitant search of his home. Section 1983 claims must be brought within the statute of limitations for personal injuries in the state where the claim arose. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Under Wisconsin law, the applicable statute of limitations for Plaintiff's Section 1983 claims is three years. *See Jacobs v. Schermitzler*, No. 22-C-386, 2022 WL 1736179, at *3 (E.D. Wis. Dec. 1, 2022); Wis. Stat. §893.53 (effective April 5, 2018). Fourth Amendment claims accrue at the time of the search or seizure. *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) (citing *Wallace*, 549 U.S. at 396). Thus, Plaintiff needed to raise any claims relating to his April 2022 arrest and the search of his residence no later than April 2025, at least three months before he filed this lawsuit.

Plaintiff's complaint fails to show that he is entitled to relief from Milwaukee County or any individual for any violation of his federal rights and therefore will be dismissed. The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Plaintiff believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **September 15, 2025**. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ.*, 133 F.3d 1054, 1057 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915(e)(2). If an amended complaint is not received, the Court will dismiss this action based on Plaintiff's failure to state a claim in his original complaint.

## CONCLUSION

For the reasons state above,

**IT IS HEREBY ORDERED** that Plaintiff Alexander Kane's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice**. If Plaintiff wishes to proceed with this lawsuit, he must file an amended complaint on or before **September 15, 2025**. If the Court does not receive Plaintiff's amended

complaint by that date, it will dismiss the case for failure to state a claim and for Plaintiff's failure to prosecute pursuant to Civil Local Rule 41(c).

Dated at Milwaukee, Wisconsin on August 14, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge